UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Chad Dufrene, | Case No. 15-cv-3796 (WMW/LIB) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| ConAgra Foods, Inc., | |
| Defendant. | |

---

This matter is before the Court on Defendant ConAgra Foods, Inc.'s ("ConAgra") motion to dismiss for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3). (Dkt. 30.) ConAgra argues that Plaintiff Chad Dufrene lacks standing to pursue the claims he asserts against ConAgra because such standing belongs exclusively to the trustee of Dufrene's bankruptcy estate. For the reasons addressed below, the Court denies ConAgra's motion.

## BACKGROUND

Dufrene commenced this action on September 16, 2015 in Dakota County District Court. In his complaint, Dufrene alleges that ConAgra unlawfully terminated his employment on January 22, 2015, in violation of the Minnesota Whistleblower Act, the Minnesota Occupational Safety and Health Act, and the Minnesota Human Rights Act. On October 5, 2015, ConAgra removed this case to this Court based on diversity jurisdiction.

Dufrene initiated Chapter 13 bankruptcy proceedings on December 3, 2013, approximately one year before ConAgra terminated Dufrene's employment. In Chapter 13 bankruptcy proceedings, the debtor must file a plan with the bankruptcy court. 11 U.S.C. § 1321. The bankruptcy court confirmed Dufrene's Chapter 13 plan on November 13, 2014. Five months later, Dufrene moved the bankruptcy court to confirm a proposed modified Chapter 13 plan. Dufrene's proposed modifications did not include any disclosure of the potential claims arising from his recently terminated employment. The bankruptcy court confirmed Dufrene's modified Chapter 13 plan on May 29, 2015.

On February 8, 2016, approximately five months after commencing this lawsuit, Dufrene filed with the bankruptcy court an "Amended Schedule B – Personal Property," disclosing for the first time in his bankruptcy proceedings the employment-related claims asserted in this case. To date, Dufrene has not moved to modify the Chapter 13 plan a second time. As a result, the modified plan confirmed on May 29, 2015 remains in effect. Dufrene's counsel, however, has been in contact with the Standing Chapter 13 Trustee for the District of Minnesota ("Trustee"). On March 1, 2016, the Trustee advised Dufrene that the Trustee is aware of the claims asserted in this case and the potential for recovery. The Trustee also advised Dufrene that Dufrene may continue to prosecute this civil matter so long as he provides the Trustee periodic updates as to the status of the civil matter, which Dufrene has done.

The Court granted ConAgra's request to file a motion pursuant to Rule 12(h)(3), Fed. R. Civ. P., to dismiss this case for lack of subject-matter jurisdiction. (Dkt. 29.) In support of its motion to dismiss, ConAgra asserts that Dufrene lacks standing to pursue

the claims he asserts against ConAgra because standing to bring those claims belongs exclusively to the trustee of Dufrene's bankruptcy estate. Dufrene counters that Chapter 13 debtors, unlike Chapter 7 debtors, may bring cases of this type in their own name.

## ANALYSIS

Article III, Section 2, of the United States Constitution limits federal jurisdiction to actual cases or controversies. *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012). "It is well established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). "This 'threshold inquiry' normally requires an evaluation of (1) injury, (2) causation, and (3) redressability." *Id.* If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). When the district court or a party challenges standing, the party invoking federal jurisdiction has the burden to establish that the requirements of standing have been satisfied. *City of Clarkson Valley*, 495 F.3d at 569. If the plaintiff lacks standing, the case must be dismissed for lack of jurisdiction. *Id.* at 570. Standing is determined based on the facts as they existed when the complaint was filed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992).

ConAgra argues that Dufrene lacked standing when he filed his complaint because his claims against ConAgra "were and are the property of the bankruptcy estate." Although ConAgra does not specify which element of standing it contends is lacking, ConAgra's argument implies that Dufrene lacks standing because he has not been injured. "To demonstrate standing, a plaintiff must clearly allege facts showing an injury

3

in fact, which is an injury to a legally protected interest that is concrete, particularized, and either actual or imminent." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833-34 (8th Cir. 2009) (internal quotation marks omitted). As relevant to the present dispute, Dufrene must allege both an "injury to a cognizable interest" and that he is "among the injured." *Lujan*, 504 U.S. at 563.

In analyzing this issue, an overview of the Chapter 13 bankruptcy process is instructive. The Bankruptcy Code provides that, when a debtor files for bankruptcy, an estate is created that includes all of the debtor's "legal or equitable interests . . . in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(1). Under Chapter 13, the definition of estate property includes all of the debtor's legal or equitable interests in property acquired *after* the commencement of the bankruptcy case but *before* the bankruptcy case is closed, dismissed, or converted to a Chapter 7, 11, or 12 bankruptcy case. 11 U.S.C. § 1306(a)(1). A debtor's legal or equitable interests in property include all causes of action that belong to the debtor. *In re Ozark Rest. Equip. Co.*, 816 F.2d 1222, 1225 (8th Cir. 1987). As such, Dufrene's employment-related legal claims asserted in this case became the property of the bankruptcy estate because they arose in January 2015, which was after his bankruptcy case commenced but before his bankruptcy case has been closed, dismissed, or converted.

ConAgra asserts that, as a Chapter 13 debtor, Dufrene does not have standing to assert a legal claim that is property of the bankruptcy estate. But under Chapter 13 of the Bankruptcy Code, "[e]xcept as provided in a confirmed plan or order confirming a plan, the [Chapter 13] debtor shall remain in possession of all property of the estate." 11

4

U.S.C. § 1306(b). Although a legal claim may be property of the bankruptcy estate, Section 1306(b) provides that the Chapter 13 debtor *remains in possession* of that property *unless* a confirmed plan or bankruptcy court order provides otherwise. And under the Federal Rules of Bankruptcy Procedure, either "the trustee *or* [*the*] *debtor in possession* may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." Fed. R. Bankr. P. 6009 (emphasis added).

It appears from the Court's research that the United States Court of Appeals for the Eighth Circuit has not addressed whether a Chapter 13 debtor has standing to bring suit in the debtor's name on behalf of the bankruptcy estate. *See E.E.O.C. v. Apria Healthcare Grp., Inc.*, 222 F.R.D. 608, 611 (E.D. Mo. 2004) (observing that the Eighth Circuit had not yet addressed this issue, but concluding that Chapter 13 debtor had standing). However, at least six circuit courts of appeals have concluded that Chapter 13 debtors have standing to pursue causes of action in their own name on behalf of the bankruptcy estate. *E.g., Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342-43 (4th Cir. 2013); *Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir. 2008); *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472-74 (7th Cir. 1999), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515-16 (2d Cir. 1998); *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1209 n.2 (3d Cir. 1992). These decisions conclude that Chapter 13 debtors have standing because they retain possession of the estate property *except* as limited by a plan approved by the

bankruptcy court, and a "debtor in possession" has substantially the same powers as the trustee. At least four courts that have reached this conclusion expressly acknowledge that a Chapter 13 debtor is materially different than a Chapter 7 debtor in this regard. *Wilson*, 717 F.3d at 343; *Smith*, 522 F.3d at 1081; *Cable*, 200 F.3d at 472; *Olick*, 145 F.3d at 515-16.

Only the United States Court of Appeals for the Sixth Circuit has reached the opposite conclusion, namely, that a Chapter 13 debtor lacks standing to pursue causes of action that belong to the bankruptcy estate. *Rugiero v. Nationstar Mortg., LLC*, 580 F. App'x 376, 378-79 (6th Cir. 2014). *Rugiero*, however, includes limited analysis and relies exclusively on cases involving Chapter 7 debtors, without addressing the differences between Chapter 7 debtors and Chapter 13 debtors. *Id.* In light of the relevant statutory language and the weight of contrary authority, the court's reasoning in *Rugiero* is not persuasive.

Based on the plain language of the Bankruptcy Code and the persuasive legal analysis of the courts of appeals of the Second, Third, Fourth, Seventh, Tenth, and Eleventh circuits, this Court concludes that a Chapter 13 debtor in possession has standing to bring suit in the debtor's name on behalf of the bankruptcy estate. This conclusion is consistent with the Eighth Circuit's analysis in other contexts of the debtor's role in Chapter 13 bankruptcy. For example, the Eighth Circuit has recognized that a Chapter 13 bankruptcy estate is materially different from a Chapter 7 bankruptcy estate. "A Chapter 13 trustee, unlike a Chapter 7 trustee, serves a limited administrative function of ensuring that the debtor's plan meets the standards for confirmation, objecting

to claims, and paying approved claims according to the confirmed plan." *Handeen v. Lemaire*, 112 F.3d 1339, 1349 n.13 (8th Cir. 1997) (internal quotation marks omitted). The *Handeen* court described the nature of a Chapter 13 bankruptcy estate and the debtor's control over it as follows:

> Chapter 13 affords to a debtor with a regular source of income or earnings, and with a relatively small debt load, an opportunity to obtain a discharge of debts after devoting to creditors disposable income received over a period not to exceed five years. *See In re Aberegg*, 961 F.2d 1307, 1308 (7th Cir. 1992). Because creditors are paid from future earnings instead of assets, Chapter 13 permits a debtor who meets specified requirements to shield his property from seizure or liquidation. *See McRoberts v. S.I.V.I. (In re Bequette)*, 184 B.R. 327, 333 (Bankr. S.D. Ill. 1995). Understandably, then, unless the repayment plan or bankruptcy court provides otherwise, the debtor retains custody of his possessions, *see* 11 U.S.C. § 1306(b) (1994), and "confirmation of a plan vests all of the property of the estate in the debtor," *id.* § 1327(b). Furthermore, the decision to seek Chapter 13 relief is wholly voluntary, and the debtor may, subject to exceptions not presently relevant, dismiss his case at any time. *See id.* § 1307(b). Finally, it is the debtor's exclusive prerogative to file a proposed repayment plan, *see id.* § 1321, and he enjoys many of the powers normally reserved to a bankruptcy trustee, *see id.* § 1303.

*Id.* at 1349.

The *Handeen* court concluded that "the debtor exercises significant control over his Chapter 13 estate." *Id.* This conclusion is consistent with the reasoning of the six courts of appeals that have held that Chapter 13 debtors have standing to bring a lawsuit in their name on behalf of the estate, and persuasively suggests that the Eighth Circuit would reach the same result. *See Apria*, 222 F.R.D. at 612 (concluding the same); *see also In re Carter*, 583 F. App'x 560, 561 n.2 (8th Cir. 2014) (suggesting that debtors had

7

standing as of the date of filing their Chapter 13 petition, because the property—*i.e.*, the cause of action—was in the debtors' possession at that time).[1]

ConAgra argues that an asset must vest with the debtor before the debtor becomes a debtor in possession, and that the estate property does not "vest" with the debtor until it is included in a confirmed plan. In support of this argument, ConAgra cites Section 1327(b) of the Bankruptcy Code,[2] which states: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b). But ConAgra's analysis ignores the unambiguous language of Section 1306(b), which provides that a Chapter 13 debtor "shall *remain in possession* of all property of the estate." 11 U.S.C. § 1306(b) (emphasis added); *accord Handeen*, 112 F.3d at 1349 (observing that, "unless the repayment plan or bankruptcy court provides otherwise, the debtor *retains* custody of his possessions"

---

[1] ConAgra cites two decisions in support of its argument that debtors do not have standing to assert claims that belong to the bankruptcy estate. Each cited authority is unpersuasive. First, ConAgra cites *Stelter v. U.S. Bank*, No. 10-3764, 2010 WL 5153046 (D. Minn. Dec. 13, 2010), which is inapposite because the case involved a Chapter 7 bankruptcy estate—not a Chapter 13 bankruptcy estate. Second, ConAgra cites an Eastern District of Missouri decision that, despite involving a Chapter 13 debtor, supported its conclusion by citing two decisions involving a Chapter 7 debtor. *Richardson v. U.P.S.*, 195 B.R. 737, 738-39 (E.D. Mo. 1996). The *Richardson* decision has since been rejected and criticized precisely because it did not account for the differences between Chapter 7 debtors and Chapter 13 debtors. *See*, *e.g., Autos, Inc. v. Gowin*, 244 F. App'x 885, 889 (10th Cir. 2007) (rejecting *Richardson* as "unpersuasive" and relying instead on Chapter 13 cases); *Apria*, 222 F.R.D. at 612 (rejecting "dictum" in *Richardson* because it conflates Chapter 7 debtors with Chapter 13 debtors, and citing other decisions that have "rejected or questioned" the reasoning in *Richardson*).

[2] In its reply, ConAgra also relies on *Van Horn v. Martin*, No. 5:13-cv-74, 2015 WL 925895 (E.D. Ark. Mar. 3, 2015), which is neither binding authority nor persuasive on this point. The statement on which ConAgra relies is both dicta and devoid of legal analysis. *Van Horn*, 2015 WL 925895, at *1.

(emphasis added)). ConAgra's analysis does not consider that it is the Chapter 13 debtor's possession and substantial control over the estate property—which is the statutory directive unless expressly altered by a Chapter 13 plan or a bankruptcy court order—that establishes the debtor's standing. That statutory directive has not been altered in this case. Moreover, at least two courts of appeals have recognized that a Chapter 13 debtor is a debtor in possession with standing to bring suit in the debtor's name on behalf of the bankruptcy estate *before* confirmation of a Chapter 13 plan. *See, e.g.*, *Smith*, 522 F.3d at 1081, 1085 n.8; *Mar. Elec. Co.*, 959 F.2d at 1209 n.2. Thus, contrary to ConAgra's argument, the vesting provision in Section 1327(b) is not relevant to the standing inquiry here.[3]

ConAgra also asserts that it is impossible for Dufrene to have brought this lawsuit on behalf of the bankruptcy estate because the trustee had no knowledge of this cause of action when this case was filed. But Dufrene's standing is based on his possession and substantial control over the estate property under Chapter 13, including the legal claims asserted in this case. That possession and substantial control existed when this case was filed regardless of whether the trustee had knowledge of the cause of action, and that

---

[3] Moreover, even if vesting under Section 1327(b) were relevant to this determination, the plain language of Section 1327(b) provides that "*all* of the property of the estate" vests in the debtor. 11 U.S.C. § 1327(b) (emphasis added). Section 1327(b) does *not* provide that only the property included in the confirmed plan vests in the debtor. ConAgra has not established that either Dufrene's Chapter 13 plan or the bankruptcy court's confirmation order prevented Dufrene's employment-related claims from vesting in Dufrene. Therefore, under Section 1327(b), those legal claims vested in Dufrene. Accordingly, even if ConAgra's Section 1327(b) argument were relevant to the standing inquiry, that argument would be unavailing here.

possession and substantial control will continue to exist unless a Chapter 13 plan or a bankruptcy court order provides otherwise. Therefore, this argument fails.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that ConAgra's motion to dismiss, (Dkt. 30), is **DENIED**.

Dated: July 12, 2016                                    s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge